UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDGAR SEARCY,

                Plaintiff,

v.                                             Case No.  5:04-cv-570-Oc-10GRJ

MICROSOFT CORPORATION, et al., and
AMERICA ONLINE et al.,

                Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

Pending before the Court is *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2.) In light of Plaintiff's Motion, the Court has authority under 28 U.S.C. §1915(e)(2) to review the complaint to determine whether it should be dismissed.[2] The Court has done so in this matter and determines that Plaintiff's Complaint (Doc. 1) is due to be **DISMISSED with prejudice** because it fails to state a claim upon which relief can be granted and because the action is frivolous.

## **I. BACKGROUND & FACTS**

Although the complaint in this matter is, at best, difficult to comprehend, it appears to allege that Defendants have engaged in a wholesale violation of federal law prohibiting wire and electronic communications interception by manufacturing,

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

distributing, and using a device "that surreptitiously intercepts activity that occures [*sic*] thru [*sic*] the internet, through telephone, cable, and through the air."[3] It is further alleged that from 1995 through 2004, Defendants "illegally intercepted" Plaintiff's e-mail and use of the internet while he used computers located in public libraries.

Requesting to proceed as a class action because these unnamed and unidentified "illegal devices" are "placed on a large class of individuals [*sic*] computers," Plaintiff demands a jury trial, damages in the amount of $10,000.00 per class member, declaratory judgment, and injunctive relief.[4]

The docket reflects a declaration of William B. Wilson, Esq.,[5] an attorney representing Microsoft Corporation ("Microsoft"). Wilson avers that Microsoft received a copy of the complaint, but has not been served with process and does not submit to the jurisdiction of the Court vis-a-vis the declaration. Wilson points out in his declaration that the complaint fails to identify the secret "device," and that this action is subject to dismissal on a number of grounds.

Plaintiff subsequently filed a "reply" to the declaration,[6] and clarified that the case involves software that is programmed to record and expose to others the computer activities of individual computer users without the user's knowledge.

---

[3] Plaintiff contends that such activity violates 18 U.S.C. §2510 *et. seq. See* Doc. 2, Complaint, at p. 2. It appears that the complaint borrows much of the language set forth in 18 U.S.C. §2512, which selectively prohibits the manufacture, distribution, possession, and advertising of wire, oral, or electronic communication.

[4] Plaintiff separately filed a motion for class action designation. Doc. 3.

[5] Doc. 14.

[6] Doc. 15.

## II. DISCUSSION

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* 28 U.S.C. §1915(e)(2) authorizes the court's review of Plaintiff's Complaint to determine its sufficiency. Under the statute, a district court *shall* dismiss a case if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. Beyond its authority to dismiss a case under the foregoing statute, the court may also act *sua sponte* to dismiss an action on the basis of a federal court's inherent power to achieve an orderly and expeditious disposition of cases.[7]

In its review of the complaint, the Court determines that this action is due to be dismissed because the complaint fails to state a claim upon which relief may be granted, and because the action is patently frivolous.

Although a complaint submitted by a *pro se* plaintiff is held to a less stringent standard than that submitted by a licensed attorney, and is construed as alleging all fairly and reasonably inferred claims, a *pro se* litigant must allege the essential elements of a claim for relief.[8] Here, the Court can only speculate as to whether Plaintiff has alleged essential elements of a claim because it is unclear what that claim is. Indeed, the complaint fails to identify *any* discreet claims, but rather recites disjointed allegations

---

[7] *See* Mroz v. Mroz, 65 F. 3d 1567, 1575, n. 9 (11th Cir. 1995) *Citing* Chambers v. NASCO, Inc., 501 U.S. 32 (1991). In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Id.* at 43; *See Also* Clark v. James, 794 F. 2d 595 (11th Cir. 1986)(Dismissal of civil action for want of prosecution is appropriate sanction);Goforth v. Owens, M.D., 766 F. 2d 1533, 1535 (11th Cir. 1985); May v. Hatter, 2001 WL 579782 (S.D. Fla. 2001)(A complaint that lacks an arguable basis in law or in fact is subject to dismissal either by motion of a party or by the Court *sua sponte.*) *Citing* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[8] *See* Tigner v. Internal Revenue Service, 2000 WL 641614 at *1 (N.D. Ga. 2000). *Citing* Haines v. Kerner, U.S. 519, 520 (1972) *and* Harris v. Evans, 20 F.3d 1118 (11th Cir.1994).

about some type of secret device which Defendants (either individually or together) implanted into publicly-used computers in Defendants' effort to "illegally" track and expose to unidentified entities the internet and email activities of computer users. Such vague and conclusory ramblings fail to articulate a cognizable claim supported by essential elements,[9] and consequently frustrate the ability of a defending party to respond to the "merits" in a meaningful way.[10]

Beyond these problems, to the extent that Plaintiff's allegations could be construed as a violation of his privacy rights by Defendants vis-a-vis their distribution of software which ultimately subjects Plaintiff to the threat of online "hackers," Defendants could not be held liable as a matter of law.[11] Likewise, they could not be held liable for the manufacture and distribution of software, which, while making internet access possible, also presents the threat of virus or spyware infiltration.[12] Based on the foregoing, reading the complaint as alleging "all fairly and reasonably inferred claims," it is subject to dismissal because it fails to state a claim upon which relief can be granted.

Furthermore, in undertaking the instant frivolity review, the Court cannot overlook Plaintiff's extensive history of filing frivolous litigation in this and other Courts. Plaintiff,

---

[9] *Id.*

[10] Plaintiff should note F. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief.

[11] *See* Green v. America Online (AOL), 318 F. 3d 465 (3rd Cir. 2003) *cert. denied,* Green v. America Online, Inc., 540 U.S. 877 (2003) (Internet service provider was statutorily immune from liability in tort, for its alleged negligent failure to properly police its network).

[12] *Id. See Also* Zeran v. America Online, Inc., 129 F. 3d 327 (4th Cir. 1997). *cert. denied*, Zeran v. American Online, Inc., 524 U.S. 937 (1998)(Communications Decency Act was enacted, in part, to maintain robust nature of Internet communication and, accordingly, to keep government interference therein to minimum; "The imposition of tort liability on service providers for the communications of others [would represent] another form of intrusive government regulation of speech.")

who is presently serving an 11-year federal sentence at Coleman FCC,[13] has filed at least 22 federal cases[14] in the past several years, and has been involved in a total of 31 cases either as a named plaintiff or other party.[15] In every case brought by him, the Court dismissed Plaintiff's claims outright or entered summary judgment against him. In eight cases, the Court found that Plaintiff's claims were frivolous.[16] The Eleventh Circuit

---

[13] *See* Plaintiff's Affidavit, Doc. 2.

[14] *See:*
    3:91-cv-01081-SHB Searcy v. Staggers, et al filed 12/19/91
    3:91-cv-01085-HES Searcy v. Harrison filed 12/19/91
    3:93-cv-00480-HES Searcy v. Hodges, et al filed 04/07/93
    3:95-cv-00616-JHM Searcy v. Milner, et al filed 07/14/95
    5:92-cv-00056-JHM Searcy v. Booth, et al filed 03/23/92
    5:92-cv-00207-WTH Searcy v. Singletary, et al filed 10/13/92
    5:04-cv-00570-WTH-GRJ Searcy v. Microsoft Corporation et al filed 12/13/04
    6:04-cv-01817-GAP-DAB Searcy v. Microsoft Corporation et al filed 12/13/04
    8:91-cv-01071-SDM Searcy v. Singletary, et al filed 08/21/91
    8:91-cv-01401-WJC Searcy v. Hill, et al filed 10/02/91
    8:91-cv-01402-WJC Searcy v. Escobar, et al filed 10/02/91
    8:91-cv-01403-UA Searcy v. Young, et al filed 10/02/91
    8:91-cv-01604-SDM Searcy v. Staggers filed 11/13/91
    8:91-cv-01695-UA Searcy v. Singletary, et al filed 11/27/91
    8:91-cv-01720-ACC Searcy v. Staggers filed 12/04/91
    8:91-cv-01721-HES Searcy v. Singletary filed 12/04/91
    8:91-cv-01751-SDM Searcy v. Singletary, et al filed 12/09/91
    8:91-cv-01852-RWN Searcy v. Staggers filed 12/20/91
    8:91-cv-01880-WTH Searcy v. Singletary, et al filed 12/27/91
    8:92-cv-00736-RWN Searcy v. Singletary filed 06/02/92
    8:92-cv-00737-ACC Searcy v. filed 06/02/92
    8:92-cv-00935-SDM Searcy v. Peel

[15] *See* Wilson's declaration, Doc. 14, Ex. D.

[16] *See:*
    5:97-cv-3375 (D. Kan. 1997) Searcy v. Gover
    3:95-cv-3388 (D. Kan. 1995) Searcy v. Finney
    8:92-cv-935   (M.D. Fla. 1992) Searcy v. Peel
    8:91-cv-1880 (M.D. Fla. 1992) Searcy v. Singletary, et al.
    5:92-cv-56    (M.D. Fla. 1992) Searcy v. Booth, et al.
    8:91-cv-1852 (M.D. Fla. 1991) Searcy v. Staggers
    8:91-cv-1720 (M.D. Fla. 1991) Searcy v. Staggers
    8:91-cv-1721 (M.D. Fla. 1991) Searcy v. Singletary

has stated that "if a plaintiff - especially a prisoner plaintiff - has a long history of bringing unmeritorious litigation, the court can consider that fact in deciding to dismiss a questionable claim."[17] The Court does take Plaintiff's history of filing frivolous litigation into consideration, and, based on the lack of factual and legal bases for bringing suit, concludes that this action also should be dismissed as patently frivolous.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be **DISMISSED with prejudice** and the Clerk be directed to close the file and terminate all other pending motions in this matter.

**IN CHAMBERS** in Ocala, Florida, on this 4th day of April, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of Record
    *Pro se* party

---

[17] Clark v. State of Ga. Pardons and Paroles Bd., 915 F. 2d 636, 641 (11th Cir. 1990) *Citing* Harris v. Menendez, 817 F. 2d 737, 741 (11th Cir. 1987).