UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDGAR SEARCY,

        Plaintiff,

-vs-                                                Case No. 5:04-cv-570-Oc-10GRJ

MICROSOFT CORPORATION, et al., and
AMERICA ONLINE CORPORATION, et al.,

        Defendants.
_____/

## O R D E R

The Magistrate Judge has issued a report (Doc. 16) recommending that the Plaintiff's pro se complaint be dismissed with prejudice for failing to state a claim upon which relief may be granted and because the action is patently frivolous. The Plaintiff has filed a timely objection to the report and recommendation of the Magistrate Judge (Doc. 17). Upon due consideration, the objection is due to be overruled and the Plaintiff's complaint is due to be dismissed with prejudice.

As best as can be deciphered from the vague and conclusory allegations asserted in unnumbered and lengthy paragraphs in the complaint, the Plaintiff accuses the Microsoft Corporation, America OnLine Corporation, and other unknown individuals of creating, manufacturing, distributing, and using an unspecified software "device" implanted in computers that surreptitiously records the computer user's internet and e-mail activities and stores them on the computer. The Plaintiff, who is an inmate at the Federal Correctional

Institute at Coleman, purports to bring this action on behalf of an unspecified class of persons and seeks monetary and injunctive relief pursuant to 18 U.S.C. § 2520, the federal wire tapping statute.[1]

The Court agrees with the reasons for dismissal stated in the Magistrate Judge's report and recommendation. The Court adds (or makes more explicit) only that in addition to the impermissibly vague and conclusory allegations in the complaint, the complaint fails to state a claim for relief under § 2520 because it does not allege that the Defendants "intercepted, disclosed, or intentionally used" the information allegedly surreptitiously recorded. To state a claim under § 2520, the Plaintiff must allege that his "wire, oral, or electronic communication" was "intercepted, disclosed, or intentionally used" by the Defendants. The Plaintiff alleges only that his internet and e-mail activity was recorded without his knowledge on public computers he used. He does not allege that the information was "intercepted, disclosed, or intentionally used" by the Defendants, only that the recorded information could be accessed by other persons, including "repairmen, library computer servive [sic] staff, and any other persons who wish's [sic] to view the contents of the interceptions." The Magistrate Judge correctly concluded as a matter of law that the

---

[1] 18 U.S.C. § 2520 reads in pertinent part:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Defendants could not be held liable for the manufacture and distribution of software which may be exploited by third parties and used to illegally obtain a person's electronic information.[2] Section 2520 simply does not contemplate imposing civil liability on software manufactures and distributers for the activities of third parties.

The Court also agrees with the Magistrate Judge's consideration of the multitude of other cases (31 in all) in which the Plaintiff, an inmate at the Federal Correctional Institute at Coleman, has been involved as a named plaintiff or other party and which have been resolved unfavorably to the Plaintiff (including eight which were found to be frivolous). Contrary to the Plaintiff's assertion, the dismissal of his complaint is not a reprisal for his exercise of his First Amendment right to speech because, as the Magistrate Judge correctly pointed out, the Eleventh Circuit has held that "if a plaintiff - especially a prisoner plaintiff - has a long history of bringing unmeritorious litigation, the court can consider that fact in deciding to dismiss a questionable claim."[3] In light of the frivolous nature of this action and the futility of amendment, the complaint should be dismissed with prejudice.

---

[2] See, e.g., Green v. America Online, 318 F.3d 465 (3rd Cir. 2003) *cert. denied* 540 U.S. 877 (2003) (Internet service provider was statutorily immune from liability in tort, for alleged negligent failure to properly police its network); Zeran v. America Online, Inc., 129 F.3d 327 (4th Cir. 1997) *cert denied* 524 U.S. 937 (1998).

[3] Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 (11th Cir. 19900 (citing Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)).

Accordingly, upon due consideration, and upon an independent review of the file, it is adjudged that:

(1) the report and recommendation of the Magistrate Judge (Doc. 16) is adopted, confirmed, and made a part hereof;

(2) the Plaintiff's complaint is DISMISSED with prejudice; and

(3) the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Hon. Gary R. Jones, United States Magistrate Judge
             Edgar Searcy, pro se party